The judgment of the court was pronounced by
Eustis, C. J.
The plaintiff, who sues as dative executor of the late Sarah Baume, has instituted this suit against W. H. Marlin and Jesse McHenry, for the purpose of having a certain act of sale of property declared null and void, and subjecting the property therein described to execution under certain judgments obtained against him by the succession of Sarah Baume, on the ground that the said sale was simulated or made in fraud of creditors.
The judgment of the court below was in favor of the defendants, on the ground that the judgments against Martin had been paid and satisfied by the sale of property under previous executions. From this judgment the plaintiff has appealed.
The facts in the case appear to be these. The defendant, W. H. Martin, was, with others, the surety on the probate bond given by Thomas Powell, who was the dative executor of Sarah Baume. By a judgment of the late court of Probates of New Orleans Powell was dismissed from his trust of executor at the instance of certain creditors of the succession, and was condemned in solido with his sureties to pay for the use of the succession twenty per cent per annum for certain sums of money received by him belonging to said succession, but not deposited by him in bank according to law, from the days they were so received by him. The sums and the dates are set forth in the judgment, and it closes by the words “ until payment and costs of said petition and-proceedings thereon.”
This judgment was rendered under the act of March 13, 1837, requiring executors, syndics and other administrators to deposit the amounts collected by them in bank as soon as the funds shall come into their hands, under the penalty of twenty per cent interest per annum on the sums not so deposited.
A question has been raised on the meaning of the closing part of this judgment. The word payment is said to refer exclusively to the twenly per cent interest, so that the judgment would be satisfied by payment of the interest due at any given time. This construction we think would defeat the purpose of the statute itself; the object of which was to insure the deposit of the funds in order that they might be applied to the payment of the debts of the succession or syndicate. It would enable the defaulter to retain the principal on paying the interest due on the judgment, and drive the creditors to the necessity of obtaining another judgment against him. We think it obvious that the word payment necessarily refers to the sums specified in the judgment in relation to which a *104 default was established; and that a payment of the whole or any of them stops the operation of the penalty of twenty per cent per annum, pro tanto.
This judgment was rendered on the 21st of September, 1842, and the amount on which the interest attached was $7807 87. But on the 9th March, 1843, the present plaintiff, who had succeeded Thomas Powell on his removal from the executoi'ship, brought his suit against Powell and his sureties on the probate bond and for an account, which resulted in a judgment against Powell and the' defendent, Martin, one of his sureties, for the penalty of the bond, but to be satisfied by the payment of $5056', with interest, which was the only amount due by Powell to the' succession at that time and sc determined by the latter judgment.
A portion of the debt therefore-for which the penalty of twenty per cent per annum had been adjudged was found to have been paid, or not to have been due on the settlement of his accounts. The penalty for not depositing the whole amount he remained bound to pay, until he satisfied the whole debt, or on the settlement of Powell’s accounts, it was found not to be due to the succession ; however on the 9th March, 1843, part of the amount only was due. The debt being thus reduced by a decree of the court of probates between the executor and Martin, as surety of Powell, it seems clear that the twenty per cent interest per annum ceased thereby to attach to the amount thus determined not to be due by Powell. Its continuance would be repugnant to- all notions of justice. The judgment was rendered under a statute, the construction of which repels any such extortion.
We therefore conclude, that after the date of this judgment, to wit, the 9th of March, 1843, the interest of twenty per cent is to be calculated, not on the amounts neglected to be deposited, but on the amount established on that day to be due the succession, to wit, the sum of $5056.
It is contended by the counsel for the plaintiff, that the interest of twenty per cent continues to run on the original sum for which Powell was held to be in default in not depositing, and that the amount cannot be reduced, because it was so adjudged in a certain suit instituted by Martin against the plaintiff by a final judgment rendered on the 29th November, 1848.
That was a suit in which Martin obtained an injunction against further proceedings on an execution issued on the first judgment. The petition set forth grounds for annulling the judgment, and also for its reduction in amount, and this very matter of the reduced amount of the second judgment was specifically stated as one of the grounds of complaint; and had the decree been made on the matters stated in the petition, the party might have been precluded by it and his case consequently beyond relief. But the fact is otherwise. There is no action-of the court upon the issues made up in the petition and answer. The latter' prays that the petition be dismissed, as well as that the injunction be dissolved, and Martin and his sureties be condemned in damages under the statute. But' the decree is confined simply to the giving of damages under the act of 1831,- and dissolving the injunction. It makes no disposition of the case as it stood and’ stands yet at issue on the record. It does not dismiss the petition, and there is' nothing in it which gives it the features of a final judgment, which closes forever between the parties their matters in dispute.
The presumption which the law establishes in favor of the res judicata is of too grave a character to be recognised as resulting from any litigation in which its essential characteristics are not evident and free from all doubt. The looser the practice in our courts becomes, the more imposing is the necessity of adhe *105 ring to those established rules of jurisprudence, which alone can secure a safe and efficient administration of justice. This decree purports to have been rendered after hearing evidence and arguments of counsel, and it may have been the intention of the judge to have decided the case; but it is not so written, and the decree has not the force and effect of the thing adjudged as to any matters which it does not determine.
The rest of this case is composed of matters of detail and calculation as to the amounts made at different times on several executions, and the enquiry is as to the unsatisfied amount due the plaintiff on the second judgment. For the amount of rents said to have been neglected to be collected by the sheriff of property under seizure, as the seizures were valid and not set aside, we think the remedy of the defendant Martin, is confined to that officer, and that the plaintiff in execution is not liable for them.
The fact of the simulation of the act of sale mentioned in the petition does not appear to have been noticed in the argument of counsel for the defendants. We think the evidence fully authorises the liability of the property included in it to the defendant Martin’s debts. According to the calculations submitted to us, We find the sum of $903 11 to be still due the plaintiff.
It is therefore decreed, that the judgment of the district court be reversed; and it is further decreed, that the sheriff proceed to seize and sell in execution the property decribed in the plaintiff’s petition, to satisfy the balance due on the judgment of March, 1843, and that said balance be fixed atthesum of $903 11, bearing interest at five per cent from the 28th February, 1849 ; for which, together with the costs, the said plaintiff may issue execution and for no other sum. It is further ordered, that the defendants pay costs in both courts.